IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ROBERT BROOKS, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | NO.   09-2885 |
| Respondents. | : | |

REPORT AND RECOMMENDATION

LYNNE A. SITARSKI                                                                                   August 5, 2009
UNITED STATES MAGISTRATE JUDGE

Presently pending before the Court is a Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by James Robert Brooks ("petitioner"). Petitioner is currently incarcerated in the State Correctional Institution located in Graterford, Pennsylvania. For the reasons that follow, this Court respectfully recommends that the Petition for a Writ of Habeas Corpus be DISMISSED without prejudice.

I.   PROCEDURAL HISTORY

On June 28, 2005, following a jury trial, petitioner was convicted of several offenses arising out of a sexual assault.[1] Order and Notice of Intent to Dismiss, Berks County Court of Common Pleas, CP # 06-4509/2004 (8/25/08), Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A203-05 (Doc. No. 7).

---

[1] The State Record has not been provided to this Court because the record is presently being reviewed by the Pennsylvania Superior Court. However, copies of the relevant filings have been provided in Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus. (Doc. No. 7).

On October 4, 2005, petitioner was sentenced to five to ten years imprisonment, followed by two years probation. *Id.* Petitioner appealed his conviction to the Pennsylvania Superior Court on December 1, 2005. *Id.* On July 18, 2006, the Superior Court affirmed petitioner's conviction and sentence. *Id.* Petitioner sought an allowance of appeal in the Pennsylvania Supreme Court, which was denied on April 2, 2007. *Commonwealth v. Brooks*, 886 MAL 2006 (Pa. April 2, 2007), Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A129 (Doc. No. 7).

Petitioner filed his first *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541, *et seq.*, on July 12, 2007. PCRA petition (7/12/07), Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A131 (Doc. No. 7). Counsel appointed to represent petitioner filed a no-merit letter on April 15, 2008, seeking permission to withdraw as counsel. "No Merit" Letter, Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A141-47 (Doc. No. 7). The Honorable Thomas G. Parisi granted counsel's petition to withdraw on April 25, 2008. Order (4/25/08), Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A140 (Doc. No. 7). Thereafter, on June 18, 2008, the court issued an Order and Notice of Intent to Dismiss the first PCRA Petition, giving petitioner 20 days to respond to the notice. Order and Notice of Intent to Dismiss (6/18/08), Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A161 (Doc. No. 7). Petitioner did not respond to this notice.

However, in the time between the Court granted counsel's request to withdraw (4/25/08) and the issuance of the Notice of Intent to Dismiss (6/18/08), petitioner instituted a second *pro se* PCRA action. This second PCRA petition was filed on May 27, 2008. PCRA Petition,

2

(5/27/08), Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A169-202 (Doc. No. 7).

On August 25, 2008, after conducting a hearing, Judge Parisi issued an Order and Notice of Intent to Dismiss petitioner's second PCRA petition. Order and Notice of Intent to Dismiss (8/25/08), Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A203 (Doc. No. 7). Thereafter, on October 3, 2008, the Court entered Orders dismissing Petitioner's first and second PCRA petitions. See Orders (10/3/08), Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A167, A206 (Doc. No. 7).

Petitioner filed a Notice of Appeal on October 16, 2008.[2] Notice of Appeal (10/16/08), Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A207 (Doc. No. 7). This appeal remains pending.[3]

Petitioner filed the instant petition on June 26, 2009 alleging: (1) prosecutorial misconduct, abuse of power, conflict of interest, and misrepresentation; (2) ineffective assistance of counsel for failure to investigate, call witnesses and raise issues; (3) violation of the United States Constitution 1, 5, 6, 8, 13 and 14 amendment; and (4) violation of the Pennsylvania

---

[2] Respondents assume petitioner is appealing both orders, but it is unclear which order petitioner is actually appealing. Petitioner's Superior Court brief states that petitioner did not file a second PCRA petition. Rather, petitioner contends that he filed an amended PCRA petition after counsel withdrew. See Appellant's Brief, Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, p. A241 (Doc. No. 7). Therefore, it appears that petitioner believes he is appealing both orders because he believes they both pertain to a single, amended, petition. This issue does not affect the Court's analysis, however, because no matter if petitioner is appealing one order or both, the appeal is currently pending the Pennsylvania Superior Court.

[3] By letter dated July 10, 2009, the Clerk of Courts of Berks County, Pennsylvania, informed this Court that petitioner's appeal is pending before the Pennsylvania Superior Court. (Doc. No. 5).

3

Constitution section 7, 8, 9, 11, 26 and 28. Pet. at pp. 7-8 (Doc. No. 1).

Respondents argue that petitioner is not entitled to habeas relief at this time because petitioner's PCRA appeal has yet to be concluded. Thus, respondents argue, federal habeas relief is not available to petitioner because he has not exhausted his available state court remedies.

This Court agrees, and therefore respectfully recommends that the petition be dismissed without prejudice.

## II.   EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c) (1996); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process" in order to exhaust his remedies. *O'Sullivan*, 526 U.S. at 845. "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." *Caswell v. Ryan*, 953 F.2d 853, 856 (3d Cir. 1992). A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which requires that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. *Santana v. Fenton*, 685 F.2d 71, 73-74 (3d Cir. 1982). Generally, federal courts will dismiss without prejudice claims that have not been fairly presented to the state courts, thereby allowing

4

petitioners to exhaust their claims. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

Federal court review <u>may</u> be available without the petitioner having exhausted available state court remedies as described in Section 2254(b)(1)(A) if he demonstrates that: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). It is clear, however, that an exception to the exhaustion requirement will be permitted only in accordance with this statutory provision; that is, "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

In the present case, petitioner's PCRA appeal to the Pennsylvania Superior Court is still pending. Petitioner has not demonstrated that any circumstances exist which would excuse the exhaustion requirement. Therefore, petitioner is not entitled to federal habeas relief at this time. In theory, petitioner may succeed in his appeal, in which case he could be awarded a new trial or other corrective action which would render the instant petition moot.

Furthermore, petitioner filed his PCRA petition so soon after the conclusion of direct review that statutory tolling applies and nearly all of his time under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), remains for him to file a habeas petition at the conclusion of state review. *See* 28 U.S.C. § 2244(d). Petitioner will not be prejudiced by the dismissal of his petition because he may file his habeas petition at the conclusion of state review if he sees fit. *See Ayers v. SCI-Mahanoy*, 2009 WL 1549545 (M.D. Pa.) (PCRA petition was still pending in state court, therefore, habeas petition was dismissed without prejudice to petitioner's

right to pursue federal habeas corpus relief at the conclusion of the state collateral review process).

## III.   CONCLUSION

This Court finds the claims raised in the instant petition to be premature, and recommends that this petition be dismissed without prejudice.

Accordingly, this Court makes the following:

## RECOMMENDATION

**FILED**
AUG - 5 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

AND NOW, this __5TH__ day of August, 2009, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.

The Petitioner may file objections to this Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

*Lynne A. Sitarski*
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES ROBERT BROOKS,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **DAVID DIGUGLIELMO, et al.** | : | NO.   09-2885 |
| Respondents. | : | |

## ORDER

AND NOW, this _____ day of _____, 2009, upon careful and independent consideration of the petition for Writ of *Habeas Corpus*, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for Writ of *Habeas Corpus* is DISMISSED without prejudice.

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

_____
C. DARNELL JONES, II, J.